(Court of Appeal, Parish of Orleans.)

# BOARD OF FIRE COMMISSIONERS vs. AHRENS & OTT MANUFACTURING COMPANY, ET AL.

1. In the opinion remanding this cause, we held that defendants did not guarantee the hose against damage, accidental or malicious, and that their guarantee covered only defective or inferior workmanship.

2. The evidence adduced on the second trial shows that the injury to the hose is not due to any of the causes covered by the guarantee.

E. A. O'Sullivan, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, Sol Wolff, J. Dymond, Jr., A. G. Levy, for defendant and appellant.

Godchaux, J., takes no part.

Appeal from the Civil District Court, Division "B."

DUFOUR, J.—The contract in this case contains the following stipulations:

> "The three-ply Eaker fabric to stand a pressure of 400 pounds to the square inch, the four-ply to withstand a pressure of five hundred pounds to the square inch, and to be guaranteed for five years, and any length of said hose which may burst from defective or inferior workmanship within five years, shall be replaced by the contractor with new hose at his own expense."

In our opinion when this case first came before us, we

expressed the following views as to the meaning of the contract in this respect.

"Defendants did not guarantee the hose against damage, accidental or malicious; their guarantee covered only defective or inferior workmanship, and, if the hose was cut or injured, that damage is not covered by their guarantee, whether the injury was or was not due to any fault or negligence on the part of those for whose acts plaintiff was responsible."

We then remanded the cause for the purpose of allowing the defendants to prove, if they could, the presence of sulphuric acid in the sections of hose which had been continuously in the possession of the plaintiff and to ascertain whether it was due to the process of manufacture or to subsequent extraneous causes.

The testimony of the manager of the manufacturers of the hose in controversy is that no sulphuric acid was used in the process of its manufacture. This is confirmed by Dr .A. L. Metz who adds that the rupture of the hose was caused by the destruction of its outer fabric by the subsequent application of sulphuric acid.

Considering this evidence and our views previously expressed, we are forced to the conclusion that the defendants are not liable under the guarantee clause of their contract.

Judgment reversed and plaintiff's demand is rejected at its cost in both Courts.